## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## HARTFORD DIVISION

| | |
|---|---|
| In re: | Chapter 13 |
| Kathleen Anne Rabon, | Case No. 25-20100 (JJT) |
| Debtor. | Re: ECF Nos. 9, 16 |

## MEMORANDUM OF DECISION AND ORDER
## GRANTING CREDITOR'S MOTION FOR RELIEF FROM STAY

Before the Court is a Motion for Relief from Stay (ECF No. 9) filed by

Berkshire Bank ("Berkshire") on February 13, 2025. In the Motion, Berkshire seeks

relief from the automatic stay against the Debtor under 11 U.S.C. § 362(d)(1) and,

to the extent necessary, relief from the co-debtor stay under 11 U.S.C. § 1301(a) in

order to exercise its nonbankruptcy rights and remedies with regards to real

property located at 34 Krug Road, Preston, Connecticut ("Property").[1] The Debtor

---

[1] At the hearing on this Motion, the Court took judicial notice of two related state court actions concerning the Property.

The first case, *Town of Preston. v. Mark Rabon*, Docket No. KNL-CV-18-6037411-S, commenced on October 2, 2018. Judgment of Foreclosure by Sale entered on February 24, 2022.

The debtor's husband, Mark Rabon, appealed this judgment to the Appellate Court of Connecticut four times. The Appellate Court dismissed all four appeals. *See Savings Institute Bank & Trust Co. v. Mark E. Rabon et al.*, Docket No. AC 44884 (Conn. App. Ct. Oct. 6, 2021) (dismissing the appeal); *Savings Institute Bank & Trust Co. v. Mark E. Rabon et al.*, Docket No. AC 45379 (Conn. App. Ct. June 8, 2022) (same); *Savings Institute Bank & Trust Co. v. Mark E. Rabon et al.*, Docket No. AC 46149 (Conn. App. Ct. Apr. 12, 2023) (dismissing the appeal "as frivolous."); *Savings Institute Bank & Trust Co. v. Mark E. Rabon et al.*, Docket No. AC 47284 (Conn. App. Ct. Feb. 20, 2024) (dismissing the appeal for failure to "file[] the preliminary statement of issues, designation of the proposed contents for the clerk appendix, docketing statement and certificate regarding the transcript").

The debtor and her husband both also filed petitions for certification to appeal to the Connecticut Supreme Court, which were denied. *See Savings Institute Bank & Trust Co v. Mark E. Rabon et al.*, Docket No. PSC-220142 (Conn. Supreme Ct. Oct. 25, 2022) (denying the petition for certification to appeal Docket No. AC 45379); *Savings Institute Bank & Trust Co v. Mark E. Rabon et al.*, Docket No. PSC-230104 (Conn. Supreme Ct. Oct. 3, 2023) (denying the petition for certification to appeal Docket No. AC 46149).

filed her opposition (ECF No. 16) on February 20, 2025, in which she requested that

the Motion be denied because "there is equity still remaining in the value of the

property above its debt owed to Berkshire . . . ." The Court held a hearing on the

Motion on February 20, 2025, at which appeared counsel for Berkshire and the

Debtor, without counsel. After arguments and unopposed proffers of proof, the

Court took the Motion under advisement. For the following reasons, the Motion is

GRANTED.

> Under 11 U.S.C. § 362(d):
>
> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
> (1)  for cause, including the lack of adequate protection of an interest in property of such party in interest[.]

Further, under 11 U.S.C. § 362(g), "[i]n any hearing under subsection (d) . . . of this

section concerning relief from the stay of any act under subsection (a) of this section

. . . the party requesting such relief has the burden of proof on the issue of the

debtor's equity in property" while "the party opposing such relief has the burden of

proof on all other issues."

After reviewing the docket in the instant case, as well as the dockets in the

state court actions and this Court regarding the Property, and hearing Berkshire's

---

No other appeal of the Superior Court's judgment remains pending.

The second case, *Town of Preston. v. Mark Rabon*, Docket No. KNL-CV-23-6062909-S, commenced on August 11, 2023. Judgment of Foreclosure by Sale entered on January 17, 2024. No appeal of that judgment is pending.

The Court also takes judicial notice of the prior Bankruptcy filing of the Debtor's husband, Mark Rabon, before this Court. *See In re* Mark Rabon, No. 24-20201 (Bankr. D. Conn. 2024). That Chapter 13 case was dismissed on May 7, 2024. A Motion to Reconsider Case Dismissal was filed on May 21, 2024. That Motion was denied on September 18, 2024.

unopposed proffers regarding the Property made at the hearing on February 20,

2025, the Court concludes that 11 U.S.C. § 362(d)(1) has been met.

The Debtor has failed to make any postpetition mortgage payments and to

provide evidence that postpetition tax or insurance payments have been made. The

Debtor's failures to make any payments on the mortgage and to verify that any tax

or insurance payments have been made leaves Berkshire without adequate

protection under 11 U.S.C. § 361, and thus cause exists to modify the automatic

stay.[2]

There is additional cause in the Debtor's failure to advance her Chapter 13

case. On February 12, 2025, the Debtor filed a Motion to Extend Deadline to Hire

an Attorney and File Schedules or Provide Required Information (ECF No. 8). The

Debtor sought an extension to March 14, 2025. The Court granted the motion,

extending the deadline to February 26, 2025 (ECF No. 11). As of February 27, 2025,

the Debtor has not filed the Debtors Declaration Page, Schedules A/B-J, a Summary

of Assets and Liabilities and Certain Statistical Information, a Statement of

Financial Affairs, an Official Form B122 Means Test, nor a Chapter 13 Plan.

There is additional cause in the Debtor's and the Debtor's husband's

advancement of spurious and meritless challenges to claims and liens over four

---

[2] In its Motion, the Berkshire asserted that "taxes dating back to the 2021 Grand List are outstanding" and that a "tax lien foreclosure is pending and judgment has entered with a debt of close to $30,000 and a sale date scheduled for May 17, 2025." The Movant provided as Exhibit D to its Motion a copy of the Court's order in *Town of Preston. v. Mark Rabon*, Docket No. KNL-CV-23-6062909-S, issued on November 6, 2024, showing a debt owed of $24,296.78 and a sale indeed scheduled for May 17, 2025. The Debtor's Objection did not refute Berkshire's assertions and instead accused Berkshire of "unclean hands" without offering evidentiary support for such an accusation. Nor did the Debtor refute Berkshire's assertions at the hearing.

years made solely to delay or impede these proceedings.[3] Indisputably, the Debtor

has not refuted Berkshire's Motion and its proffers through her Objection or her

appearance at the hearing. Through these Chapter 13 filings and hearings, the

Court garnered no additional information controverting Berkshire's contentions

that these causes exist under 11 U.S.C. § 362(d)(1) or that the Debtor's and her

husband's various legal filings evidence anything other than a pattern of delay,

spurious arguments, and frivolous machinations.

For the foregoing reasons, it is hereby

ORDERED: Any objections to the Motion are overruled; and further it is

ORDERED: The automatic stay provided in 11 U.S.C. § 362(a) is modified

pursuant to 11 U.S.C. § 362(d)(1) to permit Berkshire and/or its successors or

assignees, to exercise its rights, if any, against the Debtor and any Co-Debtor with

respect to the foreclosure of the Property, in accordance with applicable

nonbankruptcy law; and further it is

ORDERED: The fourteen (14) day stay provided in Fed. R. Bankr. P.

4001(a)(3) is hereby waived for cause shown in the Debtor's course of legally

unsupported and frivolous arguments advanced to hinder, delay, and impede these

proceedings, and those pending in the state court.

IT IS SO ORDERED at Hartford, Connecticut this 27th day of February

2025.

---

[3] In denying the Debtor's husband's Motion to Reconsider Case Dismissal, this Court noted a failure to cure noticed deficiencies during the pendency of the Bankruptcy case, as well as the Debtor's husband's "filing of frivolous proceedings in the state court, of which the Court [took] judicial notice," including frivolous proceedings filed concerning the very property at issue in this case.

James J. Tancredi
United States Bankruptcy Judge
District of Connecticut

5